# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

T'KEESHA Y. CHAPMAN,                         Case No. 1:16-cv-372
ON BEHALF OF                                 Dlott, J.
TAN'YASHA CHAPMAN,                           Litkovitz, M.J.
    Plaintiff,

    vs.

KILROY RESTAURANTS, INC., et al.,            **REPORT AND**
    Defendants.                              **RECOMMENDATION**


Plaintiff, a resident of Cincinnati, Ohio, purports to bring this action on behalf of Tan'Yasha Chapman against Kilroy Restaurants, Inc., Roxi Wolf, Brian Kilroy, and Patricia McKie. (*See* Doc. 1, Complaint). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915 (e)(2)(B)(ii).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under § § 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint alleges the following:

Refused to relinquish proper W2 form (2016) to power of attorney.

Compensation missing for hours worked.

Refused to provide information concerning compensation for work-related injury.

Was referred to a Mr. Mike Kilroy by Ms. Roxi Wolf at Kilroy Restaurants, Inc., who told me to just be quiet when I attempted to express my concerns to him.

(All) administrative staff was rude and unprofessional

-Ms. Patricia A. McKie
-Ms. Roxi Wolf (Mr. Mike Kilroy)

These things (claims) occurred today on the 10th day of March 2016.

(Doc. 1, Complaint, PAGEID#: 6). Attached to the complaint is a form which purports to give T'Keesha Chapman a power of attorney for Tan'Yasha Chapman "in the following matters: file my taxes for 2016." (*Id.*, PAGEID#: 5). Also attached is a W-2 form for "Tanyasha L. Chapman" issued by Kilroy Restaurants, Inc. (*Id.*, PAGEID#: 5). The complaint seeks monetary relief. (*Id.*, PAGEID#: 7).

3

As an initial matter, the Court finds that Tan'Yasha Chapman is not a plaintiff in this action. By law, an individual may appear in federal court only pro se or through legal counsel. 28 U.S.C. § 1654. In addition, Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." Fed. R. Civ. P. 11(a). Pleadings not signed on behalf of a party or licensed attorney are subject to dismissal. *See, e.g., Hurt v. United States*, No. 1:13-cv-432, 2014 WL 184238, at *2 (S.D. Ohio Jan. 14, 2014) (citing *Keyway Leasing Trust v. U.S.*, No. 1:98-cv-796, 1999 WL 810386, at *2 (W.D. Mich. Aug. 26, 1999); *Lawton v. Medevac Mid-America, Inc.*, 138 F.R.D. 586, 588 (D. Kan. 1991)).

In this case, Tan'Yasha Chapman has not signed the complaint; the complaint is signed by T'Keesha Chapman alone. Nor does T'Keesha Chapman purport to sign the complaint on behalf of Tan'Yasha Chapman. While T'Keesha Chapman may have a power of attorney to file taxes on behalf of Tan'Yasha Chapman, T'Keesha Chapman does not allege that she has power of attorney for all purposes or that she has otherwise been designated by Tan'Yasha Chapman to file this lawsuit on behalf of Tan'Yasha Chapman. Moreover, even if T'Keesha Chapman had a valid power of attorney authorizing her to bring a lawsuit on behalf of Tan'Yasha Chapman, T'Keesha Chapman would not have the authority to practice law by representing Tan'Yasha Chapman in this lawsuit without an attorney. *See Estate of Keatinge v. Biddle*, 316 F.3d 7, 14 (1st Cir. 2002) ("[T]he holder of a power of attorney is not authorized to appear pro se on behalf of the grantor."); *Liggon-Redding v. Willingboro Twp.*, 351 F. App'x 674, 679 (3d Cir. 2009) (pro se plaintiff lacked standing to file complaint on behalf of husband even if husband executed

4

agreement giving power of attorney to wife). As another district court within the Sixth Circuit

has recognized:

> While an individual may represent [herself] *pro se,* that is, without the benefit of
> counsel, all states have laws prohibiting a person who is not a lawyer from
> representing another person in a legal proceeding. While the power of attorney
> gives Ms. Kapp legal standing to assert claims owned by her husband on his
> behalf, it does not authorize her to practice law by representing another person,
> her husband, in a lawsuit: that must still be done by a licensed attorney.

*Kapp v. Booker,* No. Civ. A. 05-402, 2006 WL 385306, at *3 (E.D. Ky. Feb. 16, 2006).

Although T'Keesha Chapman purports to submit the complaint on behalf of Tan'Yasha

Chapman, there is no indication that T'Keesha Chapman is a lawyer who may represent

Tan'Yasha Chapman in this matter. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998)

("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be

represented by a nonlawyer"); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997)

("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an

attorney for others than himself"); *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d

Cir. 1991) (stating that 28 U.S.C. § 1654 "does not allow for unlicensed laymen to represent

anyone else other than themselves"). *See also Smith v. Dukes*, 21 F. App'x 344, 345 (6th Cir.

2001); *Harrison v. Seay*, 856 F. Supp. 1275, 1279 (W.D. Tenn. 1994). Accordingly, T'Keesha

Chapman may not represent Tan'Yasha Chapman in this matter.

This complaint in this case is therefore brought by T'Keesha Chapman alone. To the

extent T'Keesha Chapman claims that the defendants violated the rights of Tan'Yasha Chapman

by their actions, T'Keesha Chapman lacks standing to raise the claims of Tan'Yasha Chapman.

*See Allen v. Wright,* 468 U.S. 737, 751 (1984) ("[s]tanding . . . embraces several judicially self-

imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights. . . ."). *See also United States v. Van*, 931 F.2d. 384 (6th Cir. 1991); *Senter v. General Motors Corp.*, 532 F.2d 511, 516-17 (6th Cir. 1976). Nor does T'Keesha Chapman allege any facts showing the defendants violated her own rights under federal law such that this Court would have jurisdiction over this matter.

Accordingly, the Court concludes that T'Keesha Chapman's complaint is subject to dismissal on the ground that she lacks standing or, in the alternative, that the complaint fails to state a claim upon which relief may be granted.

### IT IS THEREFORE RECOMMENDED THAT:

1. T'Keesha Chapman's complaint be **DISMISSED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 3/14/16

Karen L. Litkovitz, Magistrate Judge
United States District Court

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

T'KEESHA Y. CHAPMAN,               Case No. 1:16-cv-372
ON BEHALF OF                     Dlott, J.
TAN'YASHA CHAPMAN,          Litkovitz, M.J.
    Plaintiff,

    vs.

KILROY RESTAURANTS, INC., et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).